# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JOSHUA E. HAGER,

        Petitioner,

   v.

WARDEN, ROSS CORRECTIONAL INSTITUTION,

        Respondent.

Case No. 2:21-cv-2472
Judge Edmund A. Sargus
Magistrate Judge Jolson

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges. This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ." If it does so appear, the petition must be dismissed. *Id*. With this standard in mind, and for the reasons that follow, it is **RECOMMENDED** that this action be **DISMISSED**.

## I. BACKGROUND

On October 9, 2018, Petitioner pleaded no contest to the charge of drug trafficking in the Licking County Court of Common Pleas. The Ohio Fifth District Court of Appeals summarized the facts and procedural history of the case as follows:

> ¶ 2} On February 1, 2018, Licking County Sheriff's Deputy Dan Pennington stopped a vehicle for a missing front license plate. Appellant was the driver of the vehicle. Deputy Pennington advised appellant and his passenger the reason for the stop ("no visible front plate on the vehicle"), and asked for their identification.

> Appellant explained to the deputy that the front license plate was not displayed because of recent damage to the vehicle, and showed the deputy the plate which was on the vehicle's dashboard. A check of appellant's driver's license revealed his license had been suspended. The passenger was the owner of the vehicle and was aware of appellant's license suspension, yet she permitted him to drive her vehicle. Because of the two violations, driving under suspension and wrongful entrustment of a motor vehicle, Deputy Pennington decided to impound the vehicle. Thereafter, he was granted consent to search appellant, the passenger, and the vehicle, whereupon contraband was discovered in the trunk.
>
> {¶ 3} On February 15, 2018, the Licking County Grand Jury indicted appellant on one count of trafficking in drugs in violation of R.C. 2925.03. On May 15, 2018, appellant filed a motion to suppress, claiming an illegal "custodial" interrogation. A hearing was held on June 19, 2018. By decision and entry filed August 17, 2018, the trial court denied the motion, finding the deputy had probable cause to stop the vehicle and extend the detention.
>
> {¶ 4} On October 9, 2018, appellant pled no contest to the charge. By judgment entry filed same date, the trial court found appellant guilty and sentenced him to eleven years in prison.
>
> {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
>
> {¶ 6} "The trial ourt committed reversible error when it overruled Appellant's motion to suppress his unlawful continued detention, and the evidence gathered following his unlawful continued detention by the police, in violation of Appellant's rights under the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution, and Sections 10, 14, and 16, Article i of the Ohio Constitution."
>
> {¶ 7} In his sole assignment of error, appellant claims the trial court erred in denying his motion to suppress. We disagree.

*State v. Hager,* 5th Dist. No. 18-CA-102, 2019 WL 2613338, at *1 (Ohio Ct. App. June 18, 2019). On June 18, 2019, the appellate court affirmed the trial court's judgment. *Id.* And on October 15, 2019, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Hager*, 157 Ohio St. 3d 1441 (Ohio 2019).

On May 3, 2021, Petitioner executed this habeas corpus petition. (Doc. 1, PAGEID # 12). As his sole ground for relief, Petitioner asserts that his conviction violates the Fourth Amendment.

As discussed below, however, this claim is most likely time barred and does not provide a basis for federal habeas corpus relief.

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d). The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id*.

A District Court is permitted, but not obligated, to address *sua sponte* the timeliness of a federal habeas corpus petition, *Day v. McDonough*, 547 U.S. 198 (2006), and may do so when conducting an initial review under Rule 4. *See Wogenstahl v. Charlotte*, No. 1:17-cv-298, 2017 WL 3053645, at *2 (S.D. Ohio July 19, 2017) (citing *McDonough*, 547 U.S. at 198).

Petitioner's judgment of conviction became final under the provision of § 2244(d)(1)(A) in January 2020, when the ninety-day period expired to file a petition for a writ of *certiorari* with the United States Supreme Court from the Ohio Supreme Court's October 15, 2019 dismissal of his direct appeal. *See Smith v. Ohio, Dept. of Rehab. and Corr.*, 331 F. Supp. 2d 605, 613 (N.D. Ohio 2004) (citing *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000)). The statute of limitations expired one year later, in January 2021. Petitioner waited until May 2021, to file this habeas corpus petition. Therefore, it is untimely.

Petitioner states that the prison's law library has been closed until recently due to the COVID-19 pandemic. (Doc. 1, PAGEID # 11). A habeas corpus petitioner may obtain equitable tolling of the statute of limitations where he has diligently pursued relief and extraordinary circumstances prevented his timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner's pro se status, ignorance of the law, or limited access to the law library do not constitute extraordinary circumstances warranting equitable tolling of the statute of limitations. *See McCall v. Bradley*, No. 1:18-cv-02835-JGC, 2020 WL 3520092, at *10 (N.D. Ohio May 5, 2020) (citations omitted). The COVID-19 pandemic may qualify as an extraordinary circumstance justifying equitable tolling of the statute of limitations. *See Taylor v. Valentine*, No. 5:20-cv-0139-TBR, 2021 WL 864145, at *2 (W.D. Ky. Mar. 8, 2021). Still, it is the petitioner's burden to establish equitable tolling. *See Spice v. Davids*, No. 1:21-CV-180, 2021 WL 790772, at *7 (W.D. Mich. Mar. 2, 2021) (citing *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004)). The record does not indicate that Petitioner can meet this burden here. As such, his claim is most likely time barred.

## III.   FOURTH AMENDMENT

But even if Petitioner's claim is timely, his Petition still should be dismissed. In his sole claim for relief, Petitioner argues that the State violated the Fourth Amendment. But claims under the Fourth Amendment do not provide a basis for federal habeas corpus relief so long as the petitioner had an opportunity to present the claim to the state courts. *Stone v. Powell*, 428 U.S. 465, 482 (1976); *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982) (holding that opportunity for full and fair litigation of a Fourth Amendment claim exists where the state procedural mechanism presents an opportunity to raise the claim, and presentation of the claim was not frustrated by a failure of that mechanism.). The Sixth Circuit has explained that the "key purpose" of habeas corpus is to "free innocent prisoners." *Good v. Berghuis*, 729 F.3d 636, 637 (6th Cir. 2013). Whether an investigation violated the Fourth Amendment "has no bearing on whether the defendant is guilty." *Id.* Further, the Fourth Amendment's exclusionary rule is a "prudential deterrent," rather than a "personal right guaranteed by the Constitution." *Id.*

Ohio provides a procedural mechanism to adjudicate Fourth Amendment rights. Specifically, Ohio permits a criminal defendant to file a motion to suppress evidence prior to trial. Ohio R. Crim. P. 12(C)(3). Here, Petitioner used that process, and the trial court held a hearing on Petitioner's motion to suppress evidence. Petitioner lost, and then raised the issue in the Ohio Court of Appeals and had the opportunity to do so in the Ohio Supreme Court. Thus, although Petitioner did not obtain a ruling in his favor, he had multiple opportunities to litigate the claim. Moreover, although Petitioner complains that the state courts improperly applied or ignored federal law, "the Sixth Circuit has rejected the argument that 'egregious misapplication of a controlling Supreme Court precedent' could justify a federal habeas court in concluding that a petitioner had been denied a full and fair opportunity for presentment of his Fourth Amendment claim." *Neil v.*

*Warden, Noble Corr. Inst.*, No. 2:18-cv-1721, 2020 WL 489326, at *38 (S.D. Ohio Jan. 30, 2020) (citing *Eatmon v. Warden, Noble Corr. Inst.*, No. 1:14-cv-741, 2016 WL 882097, at *6-7 (S.D. Ohio March 1, 2016)) (citing *Gilbert v. Parke*, 763 F.2d 821, 824 (6th Cir. 1985)).

Thus, Petitioner's sole claim under the Fourth Amendment does not provide him a basis for relief.

## IV. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that this action be **DISMISSED.**

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.

Date: June 4, 2021                             /s/Kimberly A. Jolson
                                               KIMBERLY A. JOLSON
                                               UNITED STATES MAGISTRATE JUDGE